UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MELVIN THORNTON**<br>        **LA. DOC #351810**<br>**VS.** | **CIVIL ACTION NO. 3:14-cv-2398**<br><br>**SECTION P**<br><br>**DISTRICT JUDGE DONALD E. WALTER** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Melvin Thornton, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on July 29, 2014. Petitioner attacks his 2002 conviction for second degree murder and the life sentence imposed thereon by the Third Judicial District Court, Lincoln Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

For the following reasons, it is recommended that the petition be deemed second and successive and, since this Court lacks jurisdiction to proceed, that it (along with petitioner's motion for stay and abeyance [Doc. 3]) be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals for further proceedings.

*Statement of the Case*

Petitioner was convicted of second degree murder on January 26, 2002, and thereafter sentenced to serve life imprisonment. His conviction and sentence were affirmed on appeal by the Second Circuit Court of Appeal. *State of Louisiana v. Melvin Thornton*, 36,757 (La. 1/29/2003), 836 So.2d 1235. The Louisiana Supreme Court denied writs on October 31, 2003.

*State of Louisiana v. Melvin Thornton*, 2003-0861 (La. 10/31/2003). His first round of State post-conviction relief ended on December 7, 2007, when the Louisiana Supreme Court denied writs without comment. *State of Louisiana ex rel. Melvin Thornton v. State of Louisiana*, 2007-0588 (La. 12/7/2007), 969 So.2d 620.

On January 18, 2008, he filed a petition for writ of *habeas corpus* pursuant to Section 2254 in this Court raising the following claims for relief – (1) insufficiency of the evidence; (2) the State exercised peremptory challenges in a racially discriminatory manner; (3) the State violated his rights to due process by refusing to grant a mistrial after a juror observed him wearing handcuffs; (4) excessiveness of sentence; (5) the State violated his right to due process by refusing to provide a free copy of the trial transcript; (6) the state infringed upon his privilege against self-incrimination by using a coerced confession against him; (7) he was denied effective assistance of counsel in the following respects, (a) inadequate pre-trial investigation; (b) failed to enforce plea agreement; (c) failed to file motion to exclude damaging evidence; (d) failed to seek change of venue and failed to object to the indictment; (e) failed to impeach and cross-examine witnesses; and (f) use of deception to prevent petitioner from testifying. *Melvin Thornton v. Warden Burl Cain*, No. 3:08-cv-0102 at Docs. 1 (original complaint), 7 (amended complaint), and 11 (amended complaint). On March 5, 2010, the undersigned recommended dismissal of each claim on the merits. *Id.*, Doc. 52. On March 26, 2010, Judge Donald E. Walter adopted the recommendation and ordered dismissal with prejudice, and on July 16, 2010, he denied petitioner's application for Certificate of Appealability (COA). *Id.*, Docs. 54 and 66. On December 10, 2010, the United States Fifth Circuit Court of Appeals also denied COA. *Melvin Thornton v. Warden Burl Cain*, No. 10-30282, see also 3:08-cv-0102 at Doc. 68. Thereafter, on

March 12, 2013, petitioner filed a Motion for Reconsideration citing FRCP Rule 60(b). *Id.*, Doc. 69. On August 19, 2013, Judge Walter denied the motion and on September 5, 2013, he denied a COA. *Id.*, Docs. 74 and 78. On March 3, 2014, the Fifth Circuit likewise denied COA. *Thornton v. Cain*, No. 13-30940; see also 3:08-cv-0102 at Doc. 81.

As previously noted, petitioner filed the instant petition on July 29, 2014. He raises the following claims for relief – (1) prosecution used perjured testimony from three witnesses; (2) prosecutorial misconduct based upon withholding exculpatory evidence that State's witnesses "received deals for testifying...", and, (3) actual innocence. See 3:14-cv-2398 at Doc. 1.  On July 30, 2014, petitioner moved the Court for "Stay and Abeyance pending exhaustion of his Post Conviction claims..." and alleged therein that he filed a second application for post-conviction relief in the Third Judicial District Court on July 28, 2014. [Doc. 3]

## *Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   This is the second petition for *habeas corpus* filed by this petitioner. It attacks the same conviction and sentence which was the subject of his prior petition.  "[A] prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998).  Generally, "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence <u>that was or could have been raised </u>in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.; see also Crone v. Cockrell,* 324 F.3d 833.  Petitioner's *habeas corpus* claims could have been raised in his first petition, but were not. Furthermore, his first petition

3

was dismissed with prejudice on the merits. Therefore, this petition is successive.

Petitioner has not yet received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his *habeas corpus* claims and his request for stay and abeyance [Doc. 3].

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate.  Transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Section 2244(b) divests this Court of jurisdiction to consider petitioner's  successive *habeas* petition until such time as the Court of Appeals authorizes such a filing, and therefore, transfer of the *habeas* petition, along with petitioner's motion for stay and abeyance [Doc. 3], pursuant to 28 U.S.C. §1631 is appropriate.

Therefore,

**IT IS RECOMMENDED** that this petition be deemed successive and that it, along with petitioner's Motion for Stay and Abeyance [Doc. 3] be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, September 26, 2014.

_____
  **KAREN L. HAYES**
  **UNITED STATES MAGISTRATE JUDGE**